IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMONT ROLAND BODDY,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5656 |
| | : | |
| **JENNIFER SIMMONS,** *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

**SÁNCHEZ, C.J.**                                                             **DECEMBER 1, 2020**

Lamont Roland Boddy has filed a Complaint (ECF No. 2) and Application to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Boddy is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

I.      FACTUAL ALLEGATIONS

In the Complaint, Boddy asserts claims under Pennsylvania law for "slander, libel, deflamation [sic], [and] intentional tort[.]" (ECF No. 2 at 3.)[1] Although the context for his claims is unclear, Boddy alleges that "[a]ll the defendants at some point filed false police reports, committed blatant perjury, [and have] been physically and verbally abusive" to him, adding that they have "conspired to provid[e] false statement[s] and perjur[ed testimony] to have [Boddy] arrested." (*Id.* at 4.) He also claims that Defendants have "[t]old public lies about [his] mental health" and that of his family. (*Id.*) Boddy asserts that he has "suffered extreme depression & anxiety from all the lies spread" about him verbally, as well as those posted on social media. (*Id.*) Despite his pleas for Defendants to "stop their actions[,]" Boddy claims that they have "just

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

continued their behavior" from approximately 2007 through the present day. (*Id.*) Boddy seeks $220,000 in damages for mental health treatments and transportation. (*Id.* at 5.)

Boddy filed the instant civil action against Jennifer Simmons, Ahmed Smith, Linda Smith, and Julie Manser. (*Id.* at 3.) Boddy alleges that Defendants Simmons, Smith, Smith, and Manser are "PA U.S. Citizens." (*Id.* at 4.) With respect to his own citizenship, Boddy similarly asserts that he is a "PA, U.S. Citizen." (*Id.*)

## II.    STANDARD OF REVIEW

Boddy's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Boddy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

This Court lacks subject matter jurisdiction over Boddy's claims, which arise under state law. A district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen

of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Boddy alleges the Defendants are citizens of Pennsylvania.  With respect to his own citizenship, Boddy has also alleged that he is a citizen of Pennsylvania.  Because all parties are alleged to be Pennsylvania citizens, Boddy has failed to meet his burden to demonstrate a basis for diversity jurisdiction.[2]  Accordingly, Boddy's claims will be dismissed without prejudice for want of subject matter jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Boddy leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction.  The dismissal of Boddy's claims is without prejudice to his right to refile this case in the proper state court.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**

---

[2] The Court's review of Boddy's Complaint provides no factual basis to support the exercise of federal question jurisdiction over his claims.